IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT SCOTT, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 20-3497 |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA and the ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : : : : | |
| | : | |
| Respondents. | : | |

**ORDER**

**AND NOW**, this 30th day of March, 2023, after considering the petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by the *pro se* petitioner, Robert Scott ("Scott") (Doc. No. 1), the state court record, the respondents' response to the habeas petition (Doc. No. 9), Scott's reply memorandum in support of his habeas petition (Doc. No. 14), the report and recommendation by United States Magistrate Judge Elizabeth T. Hey (Doc. No. 16), and Scott's timely objections to the report and recommendation (Doc. No. 19),[1] it is hereby **ORDERED** as follows:

1. Scott's objections to the report and recommendation (Doc. No. 19) are **OVERRULED**;[2]

2. The Honorable Elizabeth T. Hey's report and recommendation (Doc. No. 16) is **APPROVED** and **ADOPTED**;

3. The petition for a writ of habeas corpus is **DENIED WITH PREJUDICE**;

4. The court **DECLINES** to issue a certificate of appealability;[3] and

5. The clerk of court shall **MARK** this matter as **CLOSED**.

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] Judge Hey filed the report and recommendation on January 18, 2023. *See* Doc. No. 16. Per the applicable statute and Local Civil Rule, Scott had 14 days from the date of filing to file objections to the report and recommendation. *See* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); E.D. Pa. Loc. Civ. R. 72.1(IV)(b) ("Any party may object to a magistrate judge's proposed findings, recommendations or report . . . within fourteen (14) days after being served with a copy thereof."). Thus, he had until February 1, 2023, to file objections.

 Although the clerk of court did not docket Scott's objections until February 2, 2023, it appears that the envelope containing those objections has a time stamp of January 31, 2023. *See* Doc. No. 19 at ECF p. 12. Therefore, under the prisoner mailbox rule, the court considers the objections to have been timely filed. *See Houston v. Lack*, 487 U.S. 266, 275–76 (1988) (concluding that *pro se* prisoner's petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk").

[2] By way of brief background, on July 24, 2008, a jury sitting in the Court of Common Pleas of Philadelphia County convicted Scott of carrying a firearm without a license, possession of instruments of crime, criminal attempt to commit murder, and aggravated assault, after Scott had shot two brothers, Kahlil and Jahmeil Ragin, killing the former and injuring the latter. *See* R. & R. at 1; *Commonwealth v. Scott*, No. 3630 EDA 2018, 2019 WL 4451355, at *1 (Pa. Super. Sept. 17, 2019). Nevertheless, the jury could not reach a verdict on first-degree murder. *Scott*, 2019 WL 4451355, at *1. Soon thereafter, the trial court sentenced Scott to 24½ to 49 years' incarceration. *See* R. & R. at 2. Scott appealed his sentence on sufficiency grounds, though the Pennsylvania Superior Court ultimately affirmed it. *See id.*; *Commonwealth v. Scott*, No. 2977 EDA 2008, 990 A.2d 53, 53 (Pa. Super. 2009). On September 7, 2010, the Pennsylvania Supreme Court denied Scott's petition for allowance of appeal. *See Commonwealth v. Scott*, No. 41 EAL 2010, 8 A.3d 344, 344 (Pa. 2010).

 Meanwhile, in May 2010, a jury found Scott guilty of first-degree murder after he was retried on the charge. *Scott*, 2019 WL 4451355, at *2. Scott received a mandatory life sentence to run concurrently with the sentence imposed for the aforementioned lesser crimes. *Id.* On August 10, 2011, the Pennsylvania Superior Court affirmed this sentence on appeal. *Id.* The Pennsylvania Supreme Court denied Scott's petition for allowance of appeal on March 30, 2012. *Id.* Then, on February 22, 2013, Scott filed a *pro se* petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), claiming prosecutorial misconduct and ineffective assistance of counsel ("IAC") and challenging the weight and sufficiency of the evidence for his first-degree murder conviction. *See id.*; R. & R. at 3. Despite being initially appointed counsel, Scott motioned in October 2016 to proceed with his PCRA petition *pro se*, which the PCRA court granted. *Scott*, 2019 WL 4451355, at *2. On September 26, 2017, Scott filed an amended PCRA petition with additional IAC claims. *Id.* On November 13, 2018, the PCRA court dismissed Scott's amended petition, a holding that the Pennsylvania Superior Court upheld on appeal. *See id.* at *2, *5. The Pennsylvania Supreme Court denied Scott's petition for allowance of appeal on April 14, 2020. *See Commonwealth v. Scott*, 229 A.3d 567, 567 (Pa. 2020).

 Scott filed the present petition for a writ of habeas corpus under 28 U.S.C. § 2254 on June 29, 2020. *See* Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at ECF p. 15, Doc. No. 1. In the petition, Scott asserted three grounds for habeas relief: (1) error of the trial court in permitting the Commonwealth to present at trial 911 calls that Scott argues were inadmissible, (2) IAC regarding defense counsel failing to use a prior inconsistent statement of Jahmeil Ragin for impeachment purposes, and (3) IAC regarding defense counsel both failing to use a prior inconsistent statement of Reigna Jones, Scott's ex-girlfriend, for impeachment purposes and failing to question Jones about a bench warrant being issued to get her to come to court. *See id.* at ECF pp. 5–10.

This court referred the petition to United States Magistrate Judge Henry S. Perkin for a report and recommendation on September 21, 2020. *See* Doc. No. 5. However, on October 6, 2021, the matter was reassigned to Judge Hey. *See* Doc. No. 12. On October 4, 2022, Scott filed a memorandum replying to the Commonwealth's response in opposition to his petition, in which he raised a new claim alleging IAC for failure to conduct "'DNA' and other tests on . . . physical evidence" and recast as an IAC claim his claim regarding the 911 calls evidence. *See* Doc. No. 14 at ECF pp. 9, 11. As noted above, Judge Hey filed a report on January 18, 2023, in which she, *inter alia*, recommended that the court deny the petition for a writ of habeas corpus with prejudice. *See* R. & R. at 23. As also noted above, Scott timely filed objections to the report and recommendation. *See* Doc. No. 19.

In analyzing Scott's objections, the court conducts a *de novo* review and determination of the portions of the report and recommendation by the magistrate judge to which there are objections. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *see also* E.D. Pa. Loc. R. Civ. P. 72.1(IV)(b) (providing requirements for filing objections to magistrate judge's proposed findings, recommendations, or report).

Here, Scott raises two substantive objections to Judge Hey's report. First, Scott objects to Judge Hey's finding that his habeas petition is untimely regarding the lesser charges of which a jury found him guilty on July 24, 2008. *See* R. & R. at 7; Pet'r's Objs. to Report of Magistrate Judge ("Objs.") at 2–5, Doc. No. 19. Second, Scott objects to Judge Hey's finding that the two new claims raised in his reply memorandum are untimely. *See* R. & R. at 8; Objs. at 6–9. The court finds neither objection sufficient to reject the report and recommendation.

To begin, Scott's first objection is without merit because it is premised on claims that have not been raised by Scott at any time prior to now. In the report, Judge Hey found that "to the extent Scott is challenging his convictions for lesser charges[,] . . . the habeas petition is untimely" because Scott never filed a PCRA petition challenging the charges, meaning his conviction for said charges became final on December 6, 2010. *See* R. & R. at 7; *see also* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). Notably, Scott's objection does not dispute this finding. Instead, Scott contends that his failure to file a PCRA petition for the lesser charges was due to ineffective assistance from his counsel at that time. *See* Objs. at 2–5. This argument cannot prevail, however, as Scott never raised this specific IAC claim at any other time prior to the filing of his objections. *See Jimenez v. Barnhart*, 46 F. App'x 684, 685 (3d Cir. 2002) (holding that an argument raised for the first time in objections to a report and recommendation is deemed waived). Thus, the court overrules Scott's first objection.

For similar reasons, the court finds Scott's second objection without merit as well. In the report, Judge Hey found Scott's new claims raised in his reply memorandum—the DNA test claim and the recasting of the 911 calls evidence claim as an IAC claim—untimely because Scott filed his reply memorandum more than two years after the habeas limitations period expired on August 18, 2020. *See* R. & R. at 8. Again, Scott does not challenge the substance of this finding. Rather, Scott claims IAC by alleging that his counsel at the time failed to put all of Scott's claims into his PCRA petition, hence the two new claims arising for the first time in the reply memorandum. *See* Objs. at 6–9. As the court has explained above, though, because Scott is only now raising this IAC claim for the first time in his objections, the court must "deem this argument waived." *Jimenez*, 46 F. App'x at 685. Thus, the court overrules Scott's second objection.

The court notes that Scott included a third objection in his objections filing, though it appears to be a *pro forma* objection to the entirety of the report rather than a substantive objection to any particular findings. Indeed, the third objection in its totality reads as follows: "Petitioner objects to the conclusion of the RMJ, based on the foregoing reasons stated herein, and respectfully moves this court to reject the RMJ findings and recommendation and remand for an evidentiary hearing before a new Magistrate Judge." Objs. at 10. Courts will typically overrule objections that "do[] not address the magistrate judge's reasoning." *See, e.g., Dye v. Hatton*, No. 17-CV-10183, 2018 WL 3219752, at *1 (E.D. Mich. July 2, 2018); *Laurence v. Wall*, No. CA 08-109, 2011 WL 835499, at *1 (D.R.I. Mar. 4, 2011); *Barton v. Walker*, No. 99Civ.12016, 2003 WL 22118967, at *2 (S.D.N.Y. Sept. 12, 2003). Accordingly, to any extent that Scott has raised a third objection, this court overrules it.

Since none of Scott's objections pertain to the report's findings regarding Scott's three original claims in his petition for writ of habeas corpus as they apply to Scott's first-degree murder conviction, the court reviews the remainder of the report for plain error. *See Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection, . . . this Court will review [the magistrate judge's] Report and Recommendation for clear error." (internal quotation marks omitted)). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court has reviewed the portion of Judge Hey's report addressing these original claims for plain error and has ultimately found none.

For these reasons, the court will approve and adopt Judge Hey's report and deny the claims contained in the habeas petition with prejudice.

---

[3] A court should only issue a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If, however, the district court

> denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Id.* Here, Scott has not demonstrated that reasonable jurists would find the issues discussed above to be debatable.